**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAYMOND SCHWAB; AMELIA
SCHWAB; TYELER SCOTT ALLISON,
a/k/a Tyler Allison,

     Plaintiffs - Appellants,

v.

STATE OF KANSAS; STATE OF
KANSAS, DEPARTMENT FOR
CHILDREN AND FAMILIES; PHYLLIS
GILMORE, in her capacity as Secretary of
the Kansas Department for Children and
Families; SAM BROWNBACK, in his
capacity as Governor of the State of
Kansas; JOHN BOSCH, an individual;
DOES 1-10; DANIEL DIETRICH;
BARRY WILKERSON; RHONDA
EISENBARGER; RILEY COUNTY
POLICE DEPARTMENT; PATHWAYS
FAMILY SERVICES, LLC; DEJA
JACKSON; RILEY COUNTY; BLAKE
ROBINSON; ANDREW VINDUSKA;
MIRANDA JOHNSON; LORA INGLES;
KVC, a private business entity; ST.
FRANCIS, a private business entity;
KATHY BOYD; KENDRA BAKER, in
her official and individual capacity;
THERESA FREED, in her official and
individual capacity; RANDY
DEBENHAM, in his official and individual
capacity; BETHANY FIELDS, in her
official and individual capacity; CARLA
SWARTZ, in her personal and professional
capacity; PAWNEE MENTAL HEALTH
SERVICES; SUNFLOWER CASA
PROJECT, 501(c)(3) non profit entity;
KAYLEE POSSEN, in her individual and

No. 16-3284
(D.C. No. 5:16-CV-04033-DDC-KGS)
(D. Kan.)

professional capacity; LAURA PRICE, in
her individual and professional capacity,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Pro se plaintiffs Raymond Schwab and Amelia Schwab, husband and wife, and

Tyeler Allison, their adult son and sibling of their children, appeal the district court's

decision that denied their motion for a preliminary injunction. Exercising

jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

*Background*

In April 2015, a county police officer placed Raymond and Amelia's four

minor children in police protective custody. Shortly thereafter, the State of Kansas

filed petitions in state district court alleging that the children were children in need of

care under Kansas law.[1] The court subsequently placed the children in the temporary

custody of the Kansas Department for Children and Families, and conditioned

parental visitation on negative random urine and breath tests. Raymond and Amelia

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] *See* Kan. Stat. Ann. § 38-2202(d).

filed motions for rehearing of the temporary orders. At the hearing in early May, Raymond was observed to be acting erratically, and the judge ordered the couple to submit to urine and breath tests. Raymond tested positive for amphetamine, methamphetamine, hydrocodone, and tramadol; Amelia's test was negative. During the hearing, Raymond and Amelia withdrew their motions.

In June, Raymond filed a motion to suppress the results of the May drug test, which he argued was an unreasonable search and seizure under the Fourth Amendment. Following a hearing, the district court denied the motion. At the same time, the court ordered Raymond to submit to another urine and breath test, but he refused. The court considered the refusal as a positive test result.

Following an adjudication hearing in July, the district court found the children to be children in need of care under Kan. Stat. Ann. § 38-2202(d). Raymond appealed to the Kansas Court of Appeals. While the appeal was pending, the court held a disposition hearing in August at which a case plan was approved. The plan's goal is to reintegrate the children into the parental home; until then, the state-court proceedings remain open.

Raymond, Amelia, and Tyeler filed suit in federal court in March 2016. In early April, the Kansas Court of Appeals affirmed the district court's finding that the children were children in need of care.[2] Shortly thereafter, the state district court

---

[2] The Kansas Supreme Court subsequently denied Raymond's petition for review.

held a hearing to review the case plan. Neither Raymond nor Amelia attended this hearing.

In August, Raymond, Amelia, and Tyeler filed their revised second amended complaint in which they alleged numerous civil rights claims under 42 U.S.C. § 1983 arising from the seizure of their children and loss of familial association. At the same time, they filed a motion for a preliminary injunction that asked the district court to enter an order requiring defendants in the state-court proceeding, among other things, to: (1) stop drug testing Raymond and Amelia; (2) release all documents in the adjudication proceeding; (3) remove them from all case planning, case management, and court proceedings; and (4) permit Tyeler to visit his siblings. Following a hearing, the court denied the motion. This appeal followed.

### *Standard of Review*

"We review the district court's decision to deny a preliminary injunction for abuse of discretion." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). For there to be such an abuse, the "decision [must be] premised on an erroneous conclusion of law or . . . [find] no rational basis in the evidence." *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016) (internal quotation marks omitted). This means that "we review the district court's factual findings for clear error and its conclusions of law de novo." *Id*.

*Analysis*

To obtain a preliminary injunction, the movants must show that "(1) [they are] substantially likely to succeed on the merits; (2) [they] will suffer irreparable injury if the injunction is denied; (3) the . . . threatened injury [to them] outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction [is] not . . . adverse to the public interest." *Id*. (brackets and internal quotation marks omitted). Here, the district court did not abuse its discretion in holding that there was little or no likelihood of success on the merits because the claims were barred on the ground of abstention under *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger* abstention").

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted). To that end,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Id*. (citation and internal quotation marks omitted).

5

The district court found that all three *Younger* factors were present, which is undisputed on appeal. What is disputed is whether an exception to the *Younger* abstention doctrine applies. The "doctrine does not apply in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Id*. at 1165 (internal quotation marks omitted). In this regard, "[i]t is the plaintiffs['] heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. (brackets and internal quotation marks omitted).

The district court acknowledged the exception to the *Younger* abstention doctrine, but found that plaintiffs failed in their burden to show that they were the victims of proven harassment or that the state court adjudication was undertaken in bad faith:

> I do recognize there are exceptions . . . to the Younger abstention doctrine such as when there is a showing of proven harassment or prosecutions undertaken by state officials in bad faith. But I am not persuaded by anything that I've heard [at the hearing] or that has been filed by the plaintiffs to even suggest that that has happened here. This is a heavy burden, our cases recognize, before the Younger doctrine . . . can be overcome, and that has not been shown.

Aplee. Supp. App. at 128.

On appeal, we have not been directed to any evidence of bad faith or harassment. As such, there was no abuse of discretion.

6

## *Conclusion*

The judgment of district court is affirmed.  We deny the motions to strike appellants' brief as moot.  We also deny as moot the motion to compel appellants to produce a compact disc.  We grant Raymond, Amelia, and Tyeler's motions to proceed *in forma pauperis*, and they are reminded to continue making partial payments until the entire filing and docketing fees are paid in full.

Entered for the Court


Jerome A. Holmes
Circuit Judge